| | |
|---|---|
| MICHAEL J. REDENBURG, ESQ. PC<br>Michael Redenburg, Esq. (NY #MR4662)<br>11 Park Place, Suite 817<br>New York, NY 10007<br>Telephone: (212) 240-9465<br>Facsimile: (917) 591-1667 | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Alexander Cheatham,**<br><br>                                            **Plaintiff,**<br>**v.**<br><br>**City of New York, NYPD Officers Garvin Berry (Tax ID#944361), Christian Romero (Tax ID#957100) and Dawn Puig (Tax ID#957057).**<br>                                            **Defendants.** | **Amended Complaint**<br><br>**JURY TRIAL DEMANDED**<br><br>Civ. No.:15-CV- 2191 (ILG) (RML) |

**PRELIMINARY STATEMENT**

1. Plaintiff brings this civil rights action against the City of New York and New York City Police Officers Garvin Berry, Christian Romero and Dawn Puig, alleging that defendants violated his rights under 42 U.S.C. § 1983, the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution by Garvin Berry falsely arresting him, and for Christian Romero and Dawn Puig failing to intervene and prevent such conduct. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

**JURISDICTION AND VENUE**

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the First, Fourth, Fifth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, Plaintiff resides in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff Alexander Cheatham ("Plaintiff" or "Mr. Cheatham") is a forty four (44) year old man who resides in the County of Kings, City and State of New York.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Defendants Garvin Berry, Christian Romero and Dawn Puig are members of the New York City Police Department ("NYPD") who were so employed on March 26, 2015. Defendants Garvin Berry, Christian Romero and Dawn Puig were acting under color of state law and in their capacities as members of the NYPD at all relevant times. Defendants Garvin Berry, Christian Romero and Dawn Puig are sued in their individual and official capacities.

## STATEMENT OF FACTS

8. The Incident which is the subject of the instant Complaint took place at or about 4:30 pm March 26, 2015, as Plaintiff was lawfully assembled in front of a friend's house, at or near Putnam Avenue, between Bushwick Avenue and Evergreen Avenue, Brooklyn, NY.

9. Defendants Garvin Berry, Christian Romero and Dawn Puig arrived on the scene and Officer Garvin Berry noticed an empty beer can in the vicinity of Plaintiff and the group of others he was lawfully gathered with.

10. Officer Garvin Berry demanded that everyone produce identification and further stated that all of the men would be receiving summonses for open container.

11. In response, Plaintiff questioned Officer Garvin Berry as to how he could write everyone a summons for open container, when the officer had not observed anyone drink the beer and further, that the officer did not, and could not, know who, if any, of the men the empty beer can had belonged to.

12. In retaliation for Plaintiff's query in this regard, Officer Garvin Berry handcuffed Plaintiff and transported him to the 83rd Precinct for processing.

13. After spending approximately 3 ½ hours at the precinct, Plaintiff was transported to Central Booking to await arraignment.

14. Plaintiff spent approximately 14 ½ hours at Central Booking awaiting arraignment.

15. At arraignment, Plaintiff learned that he had been criminally charged with disorderly conduct, resisting arrest, OGA and unlawful possession of marijuana.

16. At arraignment, the matter was adjourned in contemplation of dismissal and Judge Yavinsky Ordered that the matter be "immediately sealed" the next day.

17. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation and degradation – all to his detriment.

## FIRST CLAIM
*Unlawful Search and Seizure*

18. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

19. Defendant Garvin Berry violated the Fourth and Fourteenth Amendments because he stopped and searched Plaintiff without reasonable suspicion or probable cause to do so.

20. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

21. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation and degradation – all to his detriment.

## SECOND CLAIM
### *False Arrest*

22. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

23. Defendant Garvin Berry violated the Fourth and Fourteenth Amendments because he arrested Plaintiff without probable cause.

24. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### *Failure to Intervene*

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants Christian Romero and Dawn Puig were present and did not actively participate in the aforementioned unlawful conduct, but observed such conduct; had an opportunity to prevent such conduct and had a duty to intervene and prevent such conduct- but consciously failed and refused to intervene.

27. Accordingly, Christian Romero and Dawn Puig who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

28. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
## FIRST AMENDMENT RETALIATION

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. By his conduct, as described herein, Officer Garvin Berry, while acting under color of state law, deprived Plaintiff of his right to freedom of speech and freedom of expression under the First and Fourteenth Amendments. Defendant Officer Garvin Berry is therefore liable for violation of 42 U.S.C. §1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. Defendant Officer Garvin Berry has violated Plaintiff's First Amendment rights to free speech and freedom of expression by unlawfully denying his right to speak freely and freely express himself when he questioned the arresting officer, thereby subjecting him to false arrest, in an effort to deter Plaintiff's exercise of his First Amendment rights. Defendant Officer Garvin Berry's actions were taken in retaliation for Plaintiff's exercising his First Amendment rights.

31. As a consequence of Officer Garvin Berry's actions, Plaintiff has suffered violations of his First and Fourteenth Amendment rights to free speech and freedom of expression. Plaintiff has fear and apprehension that he will, again, be subjected to similar unlawful acts by defendants done for the purpose of limiting and preventing his First-Amendment protected activities.

32. As a direct and proximate cause of Defendant Officer Garvin Berry's unlawful actions, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation and degradation – all to his detriment.

## FIFTH CLAIM
### *MONELL CLAIM*

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. The City of New York is a "person" within the meaning of 42 U.S.C. §1983.

35. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

36. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy and/or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

37. The City has been alerted to regular instances of false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

38. The Incident that Plaintiff complains of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of the City's police officers unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obvious illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

39. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

40. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following-up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

41. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its

law department from the discipline of police officers so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

42. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights without fear of reprisal.

43. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

44. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation and degradation – all to his detriment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

   a. Compensatory damages against all defendants, jointly and severally;

   b. Punitive damages in an amount to be determined by a jury;

   c. Reasonable attorneys' fees and costs; and

   d. Such other relief as this Court shall deem just and proper.

Dated: February 9, 2016
New York, NY

**s/Michael J. Redenburg_____**
Michael J. Redenburg (NY #MR4662)
MICHAEL J. REDENBURG, ESQ. PC
11 Park Place, Suite 817
New York, NY 10007
mredenburg@mjrlaw-ny.com
1-212-240-9465 (Phone)
1-917-591-1667 (Fax)